UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MAYES,

        Plaintiff,

v.

BRUCE VANDENBURG, et al.,

        Defendants.

CASE NO. C18-0695JLR

ORDER OF DISMISSAL

## I.    INTRODUCTION

Before the court are *pro se* Plaintiff Mark Mayes's complaint against Bruce

Vandenburg,[1] Jeremy Mcmillan, and Bryant[2] (collectively, "Domino's") (*see* Compl.);

//

---

[1] In his complaint, Mr. Mayes brings suit against "Brue Vandeburg" (*see* Compl. (Dkt. # 5) at 2), but the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue letter that Mr. Mayes attaches to his complaint names "Bruce Vandenburg" as the relevant individual (*id.* at 7). Thus, the court utilizes the name on the Notice of Right to Sue letter.

[2] Mr. Mayes lists this individual as "Bryant (Joe)," and thus, it is unclear what this individual's full name is. (*See* Compl. at 2.)

Magistrate Judge Brian A. Tsuchida's order granting Mr. Mayes *in forma pauperis* ("IFP") status and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4) at 1); Mr. Mayes's motion to appoint counsel (MTA (Dkt. # 6)); and Mr. Mayes's motion for the issuance of the summons (Mot. (Dkt. # 7)).

The court first concludes that Mr. Mayes has not met his burden of establishing the circumstances that warrant appointment of counsel. Thus, the court denies his motion to appoint counsel. Additionally, under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Mayes's complaint falls within the category of pleadings that the court must dismiss. Because the court dismisses Mr. Mayes's complaint, Mr. Mayes's motion to issue a summons is likewise denied as moot.[3]

## II. BACKGROUND

Mr. Mayes brings suit against the owner and managers of the Domino's where he worked. (*See* Compl. at 3-4.) He alleges that he "was subjected to a hostile work

---

[3] A motion for the issuance of summons is not required, as the court will issue summons automatically if the complaint passes muster under § 1915(e). Thus, if Mr. Mayes files an amended complaint that complies with the directives in this order, *see infra* § III.B, he does not need to re-file a motion for the issuance of the summons.

//

environment[,] [d]isparate treatment[,] and racial harassment from both of [his] managers." (*Id.* at 4.) Less than a week after Mr. Mayes complained about this behavior, he was allegedly terminated in retaliation. (*Id.* at 4-5.) Mr. Mayes seeks $1,000,000.00 in monetary and punitive damages. (*Id.* at 6.)

Mr. Mayes filed a charge with the EEOC on January 31, 2018. (*Id.*) Based on its investigation, the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." (*Id.* at 7.) The EEOC issued a notice of Mr. Mayes's right to sue on February 21, 2018. (*Id.*)

Mr. Mayes brought suit against Domino's on May 15, 2018.[4] (*See id.*) On May 18, 2018, Magistrate Judge Tsuchida, in granting Mr. Mayes IFP status, recommended that the court review the complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.) Mr. Mayes subsequently filed two motions: one requesting appointment of counsel and another seeking the issuance of summons. (*See* MTA; Mot.) The court now addresses Mr. Mayes's motion to appoint counsel and reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).

//

//

//

---

[4] On the same day, Mr. Mayes filed three other employment discrimination suits against three different previous employers. *See Mayes v. Ohashi et al.*, No. C18-0696RSM (W.D. Wash.); *Mayes v. Doe et al.*, No. C18-0698JLR (W.D. Wash.); *Mayes v. Rayfield et al.*, No. C18-0700RSM (W.D. Wash.). Mr. Mayes also filed an employment discrimination case in February 2018, which is currently pending. *See Mayes v. Amazon et al.*, No. C18-0176MJP (W.D. Wash.).

## III. ANALYSIS

### A. Motion to Appoint Counsel

Mr. Mayes requests that the court appoint counsel. (MTA at 1.) "A plaintiff has no constitutional right to appointed counsel for employment discrimination claims." *Shepherd-Sampson v. Paratransit Servs.*, No. C13-5888BHS, 2014 WL 3728768, at *2 (W.D. Wash. July 25, 2014). However, the court has authority to appoint counsel for actions brought under Title VII pursuant to 42 U.S.C. §§ 2000e-5(f)(1). *See id.* Courts evaluate three factors in determining appointment of counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

The court concludes that Mr. Mayes's submissions do not support appointing counsel. Mr. Mayes makes only a limited showing of his efforts to secure counsel on his own. (*See* MTA at 2.) He merely states that he "called several lawyers" but was told "the case wasn't for enough money." (*Id.*) He does not indicate how many attorneys he contacted, when he contacted them, or if he checked with other entities that provide pro bono legal services or could assist him in securing pro bono representation. (*See id.*) Moreover, Mr. Mayes makes no argument as to the likelihood of success on the merits of his claims (*see id.*), and after the court's independent review, the court cannot say that his claims are likely to succeed because of the lack of factual allegations to support Mr. Mayes's claims, *see infra* § III.B. Indeed, the EEOC could not conclude that the claims had merit. (Compl. at 7.) Thus, the court denies Mr. Mayes's motion to appoint counsel.

**B.     Section 1915 Review**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard articulated by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A person suffers disparate treatment "when he or she is singled out and treated less favorably than others similarly situated on account of race." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotation marks omitted) (quoting *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988)). A person is subject to a hostile work environment when the workplace is "permeated with 'discriminatory intimidation, ridicule, and insult' that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). Additionally, Title VII protects against retaliation by making it unlawful for an employer to take adverse employment action against an employee because he "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).

The court concludes that Mr. Mayes fails to state a claim. Aside from his conclusory statements that his managers racially harassed him and subjected him to disparate treatment and a hostile work environment, Mr. Mayes includes no factual allegations regarding the harassment. (*See* Compl.) Indeed, the only factual allegation Mr. Mayes includes is that Domino's fired him less than a week after he allegedly reported the behavior. (*See id.* at 4-5.) Without more, the complaint does not contain enough factual allegations to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. In other words, Mr. Mayes's complaint contains nothing more than the "unadorned the-defendant-unlawfully-harmed-me accusation" that Domino's racially discriminated against him. (*See* Compl.); *Iqbal*, 556 U.S. at 678. Such accusations are insufficient. *Iqbal*, 556 U.S. at 678.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. Mayes 21 days to file an amended complaint that corrects the deficiencies identified herein. If Mr. Mayes fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court

will dismiss his complaint without leave to amend. Because the court dismisses Mr. Mayes's complaint under § 1915 review, Mr. Mayes's pending motion to issue a summons is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Mayes's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend within 21 days of the filing of this order. The court DENIES as moot Mr. Mayes's motion to issue a summons (Dkt. # 7). The court further DENIES Mr. Mayes's motion to appoint counsel (Dkt. # 6).

Dated this 29th day of May, 2018.

JAMES L. ROBART
United States District Judge