UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES, | |
| Plaintiff, | Case No.:   18-CV-00695 JLR |
| v. | FIRST AMENDED COMPLAINT AND JURY DEMAND |
| NFG SEATTLE LLC d/b/a DOMINO'S PIZZA, a Delaware Corp., | |
| Defendant. | |

COMES NOW the Plaintiff, Mark Mayes, by and through his attorneys, and makes claims for hostile work environment, discrimination, and retaliatory discharge after plaintiff complained about being subjected to racist language in the workplace. Plaintiff alleges follows:

I.   PARTIES

1.1   Plaintiff is a citizen of the United States. At all times material to this action Plaintiff was a permanent resident in King County, Washington. Plaintiff is African-American and his color is Black.

FIRST AMENDED COMPLAINT- 1
18-cv-00695 JLR

BEAN LAW GROUP
2200 6TH Ave, Ste 500
Seattle, WA 98121
(206) 522-0618

1.2 Upon information and belief, Defendant NFG SEATTLE LLC is a Delaware corporation doing business in Seattle, Washington, as a franchise of Domino's Pizza. Upon information and belief, NFG Seattle employees more than 15 people.

1.3 NFG Seattle's registered agent in Washington is CT Corporation System, located at 711 Capitol Way S, Ste 204, Olympia, WA 98501.

## II.   JURISDICTION AND VENUE

2.1 All acts and omissions complained of herein occurred in King County, Washington.

2.2 The United States District Court has jurisdiction pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under Title VII of the Civil Rights Act of 1964, as amended, and supplemental jurisdiction over Plaintiff's claims arising under RCW 49.60 et seq. pursuant to 28 U.S.C. § 1367.

## III.   FACTS AND CIRCUMSTANCES

The following factual allegations are not intended to be exhaustive in nature and are written solely to provide notice to the Defendant of the general nature of Plaintiff's complaint.

3.1 Plaintiff hired to work at the Domino's Pizza location located at 2724 NE 45th St in Seattle as a pizza maker. Plaintiff worked full time plus overtime.

3.2 On or about December 6, 2017, one of Plaintiff's managers, Jeremy McMillan told Plaintiff that he could make himself a complementary pizza for himself. He further told Plaintiff that he could put "chicken" on the pizza. When Plaintiff told McMillan he did not eat meat, McMillan responded, "I thought all Black people eat chicken." Plaintiff was surprised and walked away, but did not complain.

FIRST AMENDED COMPLAINT- 2
18-cv-00695 JLR

BEAN LAW GROUP
2200 6TH Ave, Ste 500
Seattle, WA 98121
(206) 522-0618

3.3   On or about December 8, another manager, Bryant, asked Plaintiff's coworkers, "Do you know what a nigga is". Plaintiff heard this manager ask this at least 10 times over the course of 30 minutes. Plaintiff was offended, but being a new employee, did not immediately complain.

3.4   Later on during Plaintiff's December 8, 2017 shift, Plaintiff heard Manager Bryant say in front of several employees that he did not like Black people. Plaintiff felt compelled to respond and asked him why. He said that most Blacks are "born with birth defects." He said that most black people are on welfare and have twelve or more kids and that Black people didn't take care of their kids. He further explained that his great great great-grandfather was "mixed with Black" and was a slave owner and had a birth defect and that was why he had a birth defect.

3.5   Also in December 2017, a coworker of Plaintiff's, Sammy, started jumping around the work area making monkey noises. Sammy showed a coworker a picture on his hone and said it was his pet monkey.

3.6   On December 10, 2017, Plaintiff filed a racial harassment complaint with the Domino's corporate website and also emailed Manager McMillan the complaint. Over the next three days, he tried to provide a copy of the complaint to Mr. McMillan but was unable to find him at work. At this point, he gave the complaint to Manager Nichole.

3.7   On or about the date Plaintiff delivered the racial harassment complaint to Manager Nichole, an incident occurred between them. On that date, Plaintiff pointed out to Manager Nichole that she had cornmeal stuck to her paints, located approximately just below her side-pocket. She tried to wipe it off but it did not come off. She pulled the

FIRST AMENDED COMPLAINT- 3
18-cv-00695 JLR

BEAN LAW GROUP
2200 6TH Ave, Ste 500
Seattle, WA 98121
(206) 522-0618

pants, which were quite baggy, towards Plaintiff and asked him where the cornmeal was. Plaintiff pointed, but she did not make any motion to brush the cornmeal off herself. She continued to hold the pants out to him, so Plaintiff assumed she wanted him to brush it off himself, which he did. He brushed pants just below her hand, and his fingers just touched the outstretch fabric. He did not touch her body. Immediately thereafter, Nichole said, "Don't touch my butt." Plaintiff had not touched her in that area and believed that she had exaggerated what had occurred. Plaintiff apologized.

3.8 Three days after Plaintiff gave the racial harassment letter to Manager Nichole, Manager McMillan texted Plaintiff not to come to work. Upon information and belief, Plaintiff was not allowed to work that day because McMillan was investigating Plaintiff's complaint and did not want him at the store.

3.9 Plaintiff again was not allowed to work on December 15.

3.10 On December 16, Plaintiff returned to work. The Regional Manager, Eric, and Mr. McMillan told Plaintiff that they investigated his allegations and told him that they talked to the workers and that only a few of the alleged statements could be confirmed. The Regional Manager explained that all he was able to confirm was that Manager Bryant did say that most Black people are on welfare and that they have twelve or more kids. Plaintiff then stated that Mr. McMillan was right there while Bryant was making the comments. McMillan denied it. Plaintiff became upset and said this was not fair that they were lying.

3.11 Then the Regional Manager brought up that Manager Nichole informed him that he had touched her inappropriately several days earlier and that he had been sent home

FIRST AMENDED COMPLAINT- 4
18-cv-00695 JLR

BEAN LAW GROUP
2200 6TH Ave, Ste 500
Seattle, WA 98121
(206) 522-0618

because of it.  At this point, Plaintiff explained what had occurred and that he had not been sent home.

3.12    The Regional Manager then handed Plaintiff a separation form that had already been filled out.  The Regional Manager crossed out that she had sent him home and wrote in that she had asked Plaintiff "not to touch [her] butt again."

3.13    Plaintiff's race and/or complaints were a substantial or motivating factor in his discharge.  Several of plaintiff's complaints were not believed, and the decision to terminate Plaintiff was made prior to Defendants ever speaking with Plaintiff to get his version of events.  Race, or the desire to retaliate, was a substantial and motivating factor as to what story was to be believed.

## IV.    FIRST CAUSE OF ACTION:  TITLE VII

4.0    Plaintiff realleges and incorporates by references paragraphs 1-III

4.1    Plaintiff was forced to work in a hostile work environment that is prohibited by law pursuant to 42 U.S.C. §2000e

4.2    Defendant NFG Seattle discriminated against, took adverse action, and terminated Plaintiff in violation of 42 U.S.C. §2000e-2 and/or 42 U.S.C. 2000e-3.

4.3    Defendant's actions were willful or in wanton disregard of Plaintiff's civil rights.

## V.    SECOND CAUSE OF ACTION:  CIVIL RIGHTS ACT OF 1966

5.1    Plaintiff was forced to work in a hostile work environment that is prohibited by law pursuant to 42 U.S.C. §1981.

FIRST AMENDED COMPLAINT- 5
18-cv-00695 JLR

BEAN LAW GROUP
2200 6TH Ave, Ste 500
Seattle, WA 98121
(206) 522-0618

5.2     Defendant NFG Seattle discriminated against, took adverse action, and terminated Plaintiff in violation of 42 U.S.C. §1981.

5.3     Defendant's actions were willful or in wanton disregard of Plaintiff's civil rights.

## VI.   THIRD CAUSE OF ACTION:  WASHINGTON'S LAW AGAINST DISCRIMINATION

6.0     Plaintiff realleges and incorporates by references paragraphs I-III.

6.1     Plaintiff was forced to work in a hostile work environment that is prohibited by law pursuant to RCW 49.60.180.

6.2     Defendant discriminated against, took adverse action, and terminated Plaintiff in violation of RCW 49.60.180 and/or RCW 49.60.210.

## VII.   RELIEF REQUESTED

7.1     Plaintiff requests this court to award general and special damages, including damages for emotional distress, back pay, in amounts to be proven at trial, with interest accruing thereon.

7.2     Plaintiff seeks injunctive relief as may be appropriate, including reinstatement, or front pay in lieu of reinstatement;

7.3     Plaintiff seeks reasonable attorney's fees and costs, including expert witness fees, whether statutory or equitable, to be assessed herein pursuant to RCW 42.60.030 and

7.4     Plaintiff seeks punitive damages pursuant to 42 U.S.C. 1981 and 42 U.S.C. 1981(a).

7.5     Plaintiff seeks such further and additional equitable and legal relief as the court deems just and equitable.

FIRST AMENDED COMPLAINT- 6
18-cv-00695 JLR

BEAN LAW GROUP
2200 6TH Ave, Ste 500
Seattle, WA 98121
(206) 522-0618

## VIII.  JURY DEMAND

8.0     Plaintiff seeks a trial on all issues except the present value of future damages.

DATED: this 18th day of June, 2018:

                                      BEAN LAW GROUP

                                      */s/Matthew J. Bean*
                                      Matthew J. Bean
                                      WSBA No. 23221
                                      Attorney for Plaintiff